THE WILLIAMS LAW GROUP
Andrew Williams, Esq.
Attorney for Plaintiff
6273 Sunset Drive
Suite D3
South Miami, Florida 33143
Telephone: (253) 970-1683
CA Bar No. 310526
Email: Andrew@TheWilliamsLG.com
Secondary Email: WilliamsLawFlorida@gmail.com

**Attorney for Plaintiff, MONTIA SABBAG**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTIA SABBAG, an individual,<br>        Plaintiff,<br>    vs.<br><br>KEVIN HART, an individual;<br>JONATHAN TODD JACKSON, an individual;<br>MARRIOTT INTERNATIONAL, INC, a<br>Delaware corporation;<br>THE BLACKSTONE GROUP, INC, a Delaware<br>corporation;<br>THE COSMOPOLITAN OF LAS VEGAS, a<br>business entity form unknown;<br>ASHLEY M. GERMON, an individual;<br>FAMEOULOUS ENT, LLC, an Arizona limited<br>liability company; and<br>DOES 1 through 50, inclusive<br><br>       Defendants. | Case No.: 2:19-cv-07999-PA-PLA<br><br>COMPLAINT FOR<br><br>1. NEGLIGENCE<br>2. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br>3. NEGLIGENT SUPERVISION<br>4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>5. INVASION OF PRIVACY – INTRUSION UPON SECLUSION<br>6. INVASION OF PRIVACY – PUBLIC DISCLOSURE OF PRIVATE FACTS<br>7. INVASION OF PRIVACY – FALSE LIGHT<br>8. VIOLATIONS OF CALIFORNIA CONSTITUTION – RIGHT TO PRIVACY<br><br>**DEMAND FOR JURY TRIAL** |

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, MONTIA SABBAG ("MS. SABBAG" or "PLAINTIFF"), by and

through undersigned counsel and hereby files this First Amended Complaint and Demand for Jury Trial

against Defendants, KEVIN HART ("HART"), JONATHAN TODD JACKSON ("JACKSON"), MARRIOTT INTERNATIONAL, INC, THE BLACKSTONE GROUP, INC, THE COSMOPOLITAN OF LAS VEGAS (collectively, the "COSMO DEFENDANTS"), ASHLEY M. GERMON, FAMEOLOUS ENT, LLC (collectively, the "FAMEOLOUS DEFENDANTS"), and DOES 1 through 50, inclusive (collectively, with HART, JACKSON, the COSMO DEFENDANTS, and the FAMEOLOUS DEFENDANTS, the "DEFENDANTS"), and pleading hypothetically and/or alternatively states as follows:

**INTRODUCTION**

1.      This is a suit based upon negligence and invasion or privacy claims.   The Plaintiff has specifically alleged counts of: Negligence, Negligent Infliction of Emotional Distress, Negligent Supervision, Intentional Infliction of Emotional Distress, Invasion of Privacy – Intrusion Upon Seclusion, Invasion of Privacy – Public Disclosure of Private Facts, Invasion of Privacy – False Light, and Violations of California's Constitution – Right to Privacy.

2.      The DEFENDANTS have engaged in outrageous, irresponsible and despicable conduct that should be punished to the maximum extent under the law.   The COSMO DEFENDANTS negligently authorized, allowed, and otherwise permitted JACKSON access to HART'S hotel room suite at THE COSMOPOLITAN OF LAS VEGAS (the "COSMOPOLITAN") and breached their duty of care to MS. SABBAG.   Defendant HART negligently or intentionally authorized, allowed, and otherwise permitted JACKSON access to his hotel room suite at the COSMOPOLITAN and breached his duty of care to MS. SABBAG.   Defendant JACKSON caused MS. SABBAG to be secretly videotaped in or about 2017, without her knowledge or consent, while she was engaged in private, consensual sexual relations with HART in HART'S private bedroom suite at the COSMOPOLITAN.   On or about September 17, 2017, the FAMEOLOUS DEFENDANTS posted to the Internet an approximately two-minute and forty eight-second "highlight reel" of the secretly-taped video footage depicting MS. SABBAG naked from the

waste down and engaged in private, consensual sexual relations with HART in his private bedroom suite at the COSMOPOLITAN (the "VIDEO"). The FAMEOLOUS DEFENDANTS posted the VIDEO on their website www.Fameolous.com (the "FAMEOLOUS SITE") and on their Twitter account, @fameolousent (the "FAMEOLOUS TWITTER"). The FAMELOUS DEFENDANTS posted the VIDEO for the public to view, for the purpose of obtaining tremendous financial benefit for themselves, including without limitation (a) the sale of advertisements at the FAMEOLOUS SITE to viewers of the webpage with a link to the VIDEO, and (b) attracting new viewers to the FAMELOUS SITE and FAMEOLOUS TWITTER for the long-term financial benefit of the FAMEOLOUS DEFENDANTS and their numerous affiliate websites and companies, and to obtain additional revenues from the substantial new viewers brought to the FAMEOLOUS SITE and FAMEOLOUS TWITTER and its affiliated websites and companies by the VIDEO.

3.     MS. SABBAG had no knowledge that the intimate activity depicted in the VIDEO was being recorded. To the contrary, MS. SABBAG believed that such activity was completely private, and she had a reasonable expectation of her privacy in HART'S private bedroom suite at the COSMOPOLITAN, and she reasonably believed that her privacy was safe and protected at all relevant times.

4.     The COSMO DEFENDANTS negligent acts and/or omissions, along with HART'S negligent or intentional acts and/or omissions, JACKSON'S secret recording of MS. SABBAG naked and engaged in private consensual activity, and the FAMEOLOUS DEFENDANTS posting of the VIDEO on the Internet, constitutes a shameful and outrageous invasion of MS. SABBAG'S right of privacy by a group of loathsome DEFENDANTS who have no regard for human dignity and care only about maximizing their revenues and profits at the expense of all others.

5.      This lawsuit was necessitated by DEFENDANTS' blatant violations of MS. SABBAG'S right of privacy and other rights as discussed herein.  The COSMO DEFENDANTS violated MS. SABBAG'S rights by negligently authorizing, allowing, and otherwise permitting JACKSON access to HART'S hotel room suite at the COSMOPOLITAN and breached their duty of care to MS. SABBAG.  HART violated MS. SABBAG'S rights by negligently or intentionally authorizing, allowing, and otherwise permitting JACKSON access to his hotel room suite at the COSMOPOLITAN and breached his duty of care to MS. SABBAG.  JACKSON violated MS. SABBAG'S rights by participating in the secret recording of MS. SABBAG naked and engaged in private sexual activity in a private bedroom.  The FAMEOLOUS DEFENDANTS violated MS. SABBAG'S rights by their wrongful disclosure of the private acts depicted in the VIDEO and their unauthorized commercial exploitation of PLAINTIFF'S name, image, identity and persona.

6.      The DEFENDANTS' malicious and/or negligent conduct violates PLAINTIFF'S constitutional and common law privacy rights and publicity rights, and exceeds all bounds of human decency.

7.      On September 17, 2017, MS. SABBAG became aware for the first time of the VIDEO'S existence and that she had been surreptitiously videotaped while naked and engaging in private sexual activity in a private bedroom and that her privacy had been invaded.

8.      The unknowing and unwelcome filming of MS. SABBAG while naked and engaging in private sexual activity in a private bedroom and the further dissemination of the unauthorized VIDEO of MS. SABBAG at the COSMOPOLITAN has caused and continues to cause MS. SABBAG great emotional distress and embarrassment.

9.      As a direct result of the acts and/or omissions of the DEFENDANTS, MS. SABBAG has been harmed and damaged and PLAINTIFF is therefore seeking more than Sixty Million dollars ($60,000,000.00) in damages, including an award of punitive damages, costs, and attorney's fees.

## THE PARTIES, JURISDICTION, AND VENUE

10.   Plaintiff MONTIA SABBAG is an individual, and was at all relevant times mentioned a citizen of the State of Massachusetts.

11.   Defendant HART is an individual, and on information and belief, was at all relevant times herein a citizen and resident of Los Angeles, California.

12.   Defendant JACKSON is an individual, and on information and belief, was at all relevant times herein a citizen and resident of Los Angeles, California.

13.   Defendant MARRIOTT INTERNATIONAL, INC (hereinafter "MARRIOTT") is a corporation incorporated under the laws of the State of Delaware, and whose principal place of business is 10400 Fernwood Road, Bethesda, Maryland 20817.  At all relevant times MARRIOTT conducted business in the State of Nevada.

14.   Defendant THE BLACKSTONE GROUP, INC (hereinafter "BLACKSTONE") is a corporation incorporated under the laws of the State of Delaware, and whose principal place of business is 345 Park Avenue, New York, New York 10154.  At all relevant times BLACKSTONE conducted business in the State of Nevada.

15.   Defendant the COSMOPOLITAN is, on information and belief, a business entity, form unknown, existing under the laws of the State of Nevada.  On information and belief, at all relevant times herein Defendants MARRIOTT and BLACKSTONE owned, operated, controlled, maintained, managed, supervised, handled reservations for and/or were otherwise responsible for the COSMPOLITAN, located at 3708 South Las Vegas Blvd, Las Vegas, Nevada 89109.

16.   At all relevant times herein, Defendant BLACKSTONE was the agent and/or joint venture of MARRIOTT, the COSMOPOLITAN and each other, and at all relevant times herein were, as such, acting within the course, scope and authority of said agency, and/or venture, and that the

COSMOPOLITAN when acting as a principal, was negligent in the selection, hiring, training, and supervision of each and every other DEFENDANT as an agent and/or joint venturer.  Additionally, Defendants MARRIOTT, BLACKSTONE, and the COSMOPOLITAN were associated entities with the goal of carrying out a specific enterprise for profit.   MARRIOTT, BLACKSTONE, and the COSMOPOLITAN had a community of interest in the COSMOPOLITAN, a proprietary interest in the COSMOPOLITAN, a right to govern the policies of the COSMOPOLITAN, and a share in the profits and losses of the COSMOPOLITAN.

17.     Defendant ASHLEY M. GERMON (hereinafter "GERMON") is an individual, and on information and belief, was at all relevant times herein a citizen and resident of Tucson, Arizona. GERMON is a member of FAMEOLOUS ENT LLC, and on information and belief, is the sole member.

18.     Defendant FAMEOLOUS ENT, LLC (hereinafter "FAMEOLOUS") is a limited liability company organized under the laws of the State of Arizona, and whose principal place of business is, on information and belief, 1830 E. Broadway Blvd, Suite 124-250, Tucson, Arizona 85716.  At all relevant times FAMEOLOUS conducted business in the State of Nevada.  FAMEOLOUS is a citizen of Arizona because GERMON, a member of the company, is a citizen of Arizona.

19.     The full extent of the facts linking the fictitiously designated Defendants with the cause(s) of actions herein is unknown to PLAINTIFF.  Further the true names and capacities, whether individual, corporate, associate, plural or partnership, or otherwise, of Defendants, DOES 1 through 50, inclusive, are unknown to PLAINTIFF.   PLAINTIFF therefore sues Defendants by such fictitious names. PLAINTIFF is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE is negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully responsible in some manner for the events and happenings hereinafter referred to, and negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully, proximately caused injuries and

damages to PLAINTIFF, as hereinafter alleged.  PLAINTIFF will ask leave of this Court to amend this Complaint to show said Defendants' names and capacities once the same have been ascertained.

20.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy of this suit exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

21.     Venue is proper in this District pursuant to § 1391, in that a substantial part of the events and/or omissions giving rise to these claims occurred in this District.

## **GENERAL ALLEGATIONS**

22.     In or about 2017, MS. SABBAG engaged in private sexual relations with Defendant Kevin Hart, in HART'S private bedroom suite at the COSMOPOLITAN.  Unbeknownst to MS. SABBAG, and without her knowledge or consent, MS. SABBAG was filmed naked from the waist down and engaged in private sexual relations with HART.  PLAINTIFF is informed and believes and on that basis alleges that the COSMO DEFENDANTS through their agents and employees authorized, allowed, and otherwise permitted JACKSON access to HART'S hotel room suite at the COSMOPOLITAN, which enabled JACKSON to set up a hidden video recording device and ultimately record the VIDEO.

23.     In addition and/or alternatively, PLAINTIFF is informed and believes and on that basis alleges that HART authorized, allowed, and otherwise permitted JACKSON access to his hotel room suite at the COSMOPOLITAN, which enabled JACKSON to set up a hidden video recording device and ultimately record the VIDEO.

24.     In addition and/or alternatively, PLAINTIFF is informed and believes and on that basis alleges that HART conspired with JACKSON to intentionally record MS. SABBAG naked and engaged in private sexual relations with HART in a private bedroom at the COSMOPOLITAN without her knowledge or consent for the purpose of obtaining tremendous financial benefit for himself, including

without limitation (a) the benefits obtained through the additional publicity and media attention the VIDEO garnered, which in turn helped to promote his *Irresponsible Tour*, which was a record-breaking comedy, and (b) to increase his overall pop culture status.

25.     PLAINTIFF is informed and believes and on that basis alleges that JACKSON was involved in filming the private consensual sexual encounter between MS. SABBAG and HART.

26.     MS. SABBAG understood, believed and reasonably expected that the sexual activities in which she and HART engaged in his private bedroom suite at the COSMOPOLITAN were completely private and would not be viewed by any other persons.  Had MS. SABBAG known that her private sexual activities were being secretly filmed, MS. SABBAG would not have engaged in any such activities.

27.     PLAINTIFF is informed and believes and on that basis alleges that the FAMEOLOUS DEFENDANTS, based on the actions of the COSMO DEFENDANTS, HART, JACKSON and others, obtained a copy of the secretly-filmed recording depicting MS. SABBAG naked and engaged in sexual relations with HART.  On information and belief, the VIDEO was edited by the FAMEOLOUS DEFENDANTS into a two-minute and forty eight-second "highlight reel" depicting MS. SABBAG naked and engaged in sexual intercourse with her sex partner Defendant HART.  The FAMEOLOUS DEFENDANTS watermarked the VIDEO, so that they would receive "credit," notoriety, fame and financial gain as the "breaking source" to the public of the VIDEO.

28.     On or around September 17, 2017, the FAMEOLOUS DEFENDANTS published the VIDEO on the FAMEOLOUS SITE and on the FAMEOLOUS TWITTER depicting MS. SABBAG having private sexual relations with HART in a private bedroom.

29.     At no time prior to, during, or after the private consensual sexual encounter between MS. SABBAG and HART did MS. SABBAG ever authorize or consent to any person or entity recording the private, intimate acts depicted in the VIDEO, or the storage of the VIDEO, or the editing of the VIDEO,

the dissemination, or the publishing and/or exploitation of the VIDEO in any way or manner whatsoever.  On the contrary, MS. SABBAG finds the negligent authorizing, allowing, and otherwise permitting JACKSON access to HART'S hotel room suite at the COSMOPOLITAN by the COSMO DEFENDANTS, the negligent or intentional authorizing, allowing, and otherwise permitting JACKSON access to HART'S hotel room suite at the COSMOPOLITAN by HART, the secret recording of her private sexual activity by JACKSON and the publishing of the VIDEO by the FAMEOLOUS DEFENDANTS to be outrageous and egregious.  The VIDEO has never been authorized by MS. SABBAG for any purpose whatsoever, including any form of disclosure to the public whatsoever.

30.     Numerous media outlets and websites picked up on the VIDEO posted on the FAMEOLOUS SITE and FAMEOLOUS TWITTER, and posted links to it, thus exposing hundreds of millions of people to the VIDEO.  As a natural and foreseeable consequence, massive numbers of individuals were drawn to the FAMEOLOUS SITE and FAMEOLOUS TWITTER, for which the FAMEOLOUS DEFENDANTS have reaped tremendous revenues and profits, and have been unjustly enriched therefrom, based on both the short term web traffic of millions of people who have viewed the VIDEO and advertisements displayed thereat, and the long term increase in viewership to the FAMELOUS SITE, FAMEOLUS TWITTER, and the FAMEOLOUS DEFENDANTS' other affiliated sites, and the revenues and profits associated therewith for a prolonged period of time.

31.     As a natural and foreseeable consequence of the DEFENDANTS' actions, MS. SABBAG has suffered, and continues to suffer, tremendous emotional distress.  Her life was "turned upside down" by the negligent and unlawful actions of the DEFENDANTS, including the continued display of the VIDEO on the Internet, and MS. SABBAG continues to suffer from substantial emotional distress, on a daily basis, as a result. In particular, MS. SABBAG has suffered, and continues to suffer, substantial

embarrassment and humiliation as a result.  Moreover, MS. SABBAG'S goodwill, commercial value, and brand have been substantially harmed as a result as well.

32.     The commercial value of MS. SABBAG'S name, image, and identity has been, and continues to be, substantially diminished by the DEFENDANTS' actions, including, the negligent or intentional authorizing, allowing, and/or otherwise permitting JACKSON access to HART'S hotel room suite at the COSMOPOLITAN; the secret taping of MS. SABBAG naked and having sex; the unauthorized transmission of that recording to the FAMEOLOUS DEFENDANTS; and the unauthorized posting, publishing, distribution and dissemination of the VIDEO, which is received unfavorably by the public and by the negative portrayal of MS. SABBAG in the VIDEO to the general public.

33.     The DEFENDANTS' conduct manifests a depraved disregard for MS. SABBAG'S privacy rights and an unauthorized commercial exploitation of her publicity rights.

34.     All conditions precedent to the bringing and maintenance of this action and the granting of the relief requested have been performed, have occurred, or have been waived.

## COUNT I
## NEGLIGENCE
(by PLAINTIFF against the COSMO DEFENDANTS)

35. PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, above, inclusive.

36. Defendants MARRIOTT, individually, and by and through its agents and/or joint venturers, Defendants BLACKSTONE and the COSMOPOLITAN, had a duty to exercise reasonable and ordinary care and caution in and about the ownership, management, maintenance, supervision, control, and operation of the COSMOPOLITAN, its reservation system, its room access, and each of its employees, agents, servants and independent contractors, all to the benefit of guests, patrons, business invitees, and persons like Plaintiff Montia Sabbag.

37. Defendants MARRIOTT, BLACKSTONE, and the COSMOPOLITAN, by and through their

agents, employees, servants and/or independent contractors, were negligent in their acts and/or omissions by, amongst other things, authorizing, allowing, and otherwise permitting JACKSON with unfettered access to HART'S hotel room suite at the COSMOPOLITAN, thereby allowing a surreptitious video to be taken of MS. SABBAG by JACKSON.

38. As a direct and proximate result of the above-said conduct of the COSMO DEFENDANTS, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

## COUNT II
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (by PLAINTIFF against the COSMO DEFENDANTS)

39. PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, and paragraphs 35 through 38, above, inclusive.

40. Defendants MARRIOTT, individually, and by and through its agents and/or joint venturers, Defendants BLACKSTONE and/or the COSMOPOLITAN, had a duty to exercise reasonable and ordinary care and caution in and about the ownership, management, maintenance, supervision, control, and operation of the COSMOPOLITAN and its employees, agents, servants and independent contractors, all to the benefit of guests, patrons, business invitees, and persons like Plaintiff Montia Sabbag.

41. Defendants MARRIOTT, BLACKSTONE, and the COSMOPOLITAN, by and through their agents, employees, servants and/or independent contractors, were negligent in their acts and/or omissions by, amongst other things, authorizing, allowing, and otherwise permitting JACKSON with unfettered access to HART'S hotel room suite at the COSMOPOLITAN, thereby allowing a surreptitious video to be taken of MS. SABBAG by JACKSON.

42. As a direct and proximate result of the negligent acts and/or omissions of the COSMO DEFENDANTS, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

**COUNT III**
**NEGLIGENT SUPERVISION**
(by PLAINTIFF against the COSMO DEFENDANTS)

43. PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, paragraphs 35 through 38, and paragraphs 39 through 42, above, inclusive.

44. Defendants MARRIOTT, individually, and by and through its agents and/or joint venturers, Defendants BLACKSTONE and/or the COSMOPOLITAN, had a duty to exercise reasonable and ordinary care and caution in and about the ownership, management, maintenance, supervision, control, operation, and training of the COSMOPOLITAN and its employees, agents, servants and independent contractors, all to the benefit of guests, patrons, business invitees, and persons like Plaintiff Montia Sabbag.

45. Defendants MARRIOTT, BLACKSTONE, and the COSMOPOLITAN, by and through their agents, employees, servants and/or independent contractors, were negligent in their acts and/or omissions by, amongst other things, failing to adequately supervise and/or train their agents, employees, servants and/or independent contractors with the proper protocol concerning access to a guest's room and authorized, allowed, and otherwise permitted JACKSON with unfettered access to HART'S hotel room suite at the COSMOPOLITAN.

46. As a direct and proximate result of the negligent acts and/or omissions of the COSMO

DEFENDANTS, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

**COUNT IV**
**INVASION OF PRIVACY – INTRUSION UPON SECLUSION**
(by PLAINTIFF against the COSMO DEFENDANTS)

47. PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, paragraphs 35 through 38, paragraphs 39 through 42, and paragraphs 43 through 46, above, inclusive.

48. The acts of MARRIOTT, individually, and by and through its agents and/or joint venturers, Defendants BLACKSTONE and/or the COSMOPOLITAN, by and through their agents, employees, servants, and/or independent contractors, as set forth above, include but are not limited to, facilitating JACKSON'S conduct by intentionally giving him access to HART'S room.

49. The intrusions by the COSMO DEFENDANTS were, and are objectionable and offensive to any reasonable person, including PLAINTIFF.

50. As set forth above, the intrusions by the COSMO DEFENDANTS were specific to PLAINTIFF'S private information and private matters.

51. As a direct and proximate result of the intrusion of seclusion and invasion of privacy by the COSMO DEFENDANTS, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

**COUNT V**
**INVASION OF PRIVACY – PUBLIC DISCLOSURE OF PRIVATE FACTS**
(by PLAINTIFF against the COSMO DEFENDANTS)

52. PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference,

all of the allegations and statements contained in paragraphs 1 through 34, paragraphs 35 through 38, paragraphs 39 through 42, paragraphs 43 through 46, and paragraphs 47 through 51, above, inclusive.

53. The acts of MARRIOTT, individually, and by and through its agents and/or joint venturers, Defendants BLACKSTONE and/or the COSMOPOLITAN, by and through their agents, employees, servants, and/or independent contractors, as set forth above, include but are not limited to, facilitating JACKSON'S conduct by intentionally giving him access to HART'S room, which led to the public disclosure of a surreptitiously videotaped recording depicting the PLAINTIFF naked and engaging in private sexual activity in a private bedroom.

54. The intrusions by the COSMO DEFENDANTS were, and are objectionable and offensive to any reasonable person, including PLAINTIFF.

55. As set forth above, the intrusions by the COSMO DEFENDANTS were specific to PLAINTIFF'S private information and private matters and were not a legitimate public concern.

56. As a direct and proximate result of facilitating JACKSON'S conduct, the COSMO DEFENDANTS contributed to the public disclosure of private facts and an invasion of MS. SABBAG'S privacy.

57. As a direct and proximate result of the public disclosure of private facts and invasion of privacy by the COSMO DEFENDANTS, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

**COUNT VI**
**INVASION OF PRIVACY – FALSE LIGHT**
(by PLAINTIFF against the COSMO DEFENDANTS)

58. PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference,

all of the allegations and statements contained in paragraphs 1 through 34, paragraphs 35 through 38, paragraphs 39 through 42, paragraphs 43 through 46, paragraphs 47 through 51, and paragraphs 52 through 57, above, inclusive.

59. The acts of MARRIOTT, individually, and by and through its agents and/or joint venturers, Defendants BLACKSTONE and/or the COSMOPOLITAN, by and through their agents, employees, servants, and/or independent contractors, as set forth above, include but are not limited to, facilitating JACKSON'S conduct by intentionally giving him access to HART'S room, which led to the public disclosure of a surreptitiously videotaped recording depicting the PLAINTIFF naked and engaging in private sexual activity in a private bedroom.

60. The release of the VIDEO, placed PLAINTIFF in a false light and exposed her to hate, ridicule, and/or contempt as many in the public believed PLAINTIFF created the VIDEO herself because she was fame-seeking and money hungry, or worse a "whore" and "gold-digger."

61. The false light in which PLAINTIFF was placed as a result of the acts and/or omissions of the COSMO DEFENDANTS was, and is objectionable and offensive to any reasonable person, including PLAINTIFF.

62. As set forth above, the intrusions by the COSMO DEFENDANTS were specific to PLAINTIFF'S private information and private matters and were not a legitimate public concern.

63. PLAINTIFF suffered injuries and damages to her reputation based upon the false light portrayal, which resulted based upon the acts and/or omissions of the COSMO DEFENDANTS.

64. As a direct and proximate result of facilitating JACKSON'S conduct, the COSMO DEFENDANTS contributed to the false light portrayal of the PLAINTIFF and an invasion of MS. SABBAG'S privacy.

65. As a direct and proximate result of the false light portrayal of PLAINTIFF by the COSMO

DEFENDANTS, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

## COUNT VII
## NEGLIGENCE
(by PLAINTIFF against HART)

66. PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, above, inclusive.

67. Defendant HART, individually, and by and through his agents, had a duty to exercise reasonable and ordinary care and caution in and about the ownership, management, maintenance, supervision, control, and operation of his private bedroom suite at the COSMOPOLITAN, all to the benefit of guests, patrons, business invitees, and persons like Plaintiff Montia Sabbag.

68. Defendant HART, individually, and by and through his agents, employees, servants and/or independent contractors, was negligent in his acts and/or omissions by, amongst other things, authorizing, allowing, and/or otherwise permitting JACKSON with unfettered access to his hotel room suite at the COSMOPOLITAN, thereby allowing a surreptitious video to be taken of MS. SABBAG by JACKSON.

69. As a direct and proximate result of the above-said conduct of HART, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

## COUNT VIII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(by PLAINTIFF against HART)

70. PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference,

all of the allegations and statements contained in paragraphs 1 through 34, and paragraphs 66 through 69, above, inclusive.

71. Defendant HART, individually, and by and through its agents, had a duty to exercise reasonable and ordinary care and caution in and about the ownership, management, maintenance, supervision, control, and operation of his private bedroom suite at the COSMOPOLITAN, all to the benefit of guests, patrons, business invitees, and persons like Plaintiff Montia Sabbag.

72. Defendant HART, individually, and by and through his agents, employees, servants and/or independent contractors, was negligent in his acts and/or omissions by, amongst other things, authorizing, allowing, and/or otherwise permitting JACKSON with unfettered access to his hotel room suite at the COSMOPOLITAN, thereby allowing a surreptitious video to be taken of MS. SABBAG by JACKSON.

73. As a direct and proximate result of the negligent acts and/or omissions of HART, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

**COUNT IX**
**NEGLIGENT SUPERVISION**
(by PLAINTIFF against HART)

74. PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, paragraphs 66 through 69, and paragraphs 70 through 73, above, inclusive.

75. Defendant HART, individually, and by and through his agents, had a duty to exercise reasonable and ordinary care and caution in and about the ownership, management, maintenance, supervision, control, and operation of his private bedroom suite at the COSMOPOLITAN, all to the benefit of guests, patrons, business invitees, and persons like Plaintiff Montia Sabbag.

76. Defendant HART, by and through his agents, employees, servants and/or independent contractors, was negligent in his acts and/or omissions by, amongst other things, failing to adequately supervise and/or monitor who was in his private bedroom suite at the COSMOPOLITAN and thereby allowing a surreptitious video to be taken of MS. SABBAG by JACKSON.

77. As a direct and proximate result of the negligent acts and/or omissions of HART, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

**COUNT X**
**INVASION OF PRIVACY – INTRUSION UPON SECLUSION**
(by PLAINTIFF against HART)

78. PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, paragraphs 66 through 69, paragraphs 70 through 73, and paragraphs 74 through 77, above, inclusive.

79. The acts of HART, individually, and by and through its agents, employees, servants, and/or independent contractors, as set forth above, include but are not limited to, facilitating JACKSON'S conduct by intentionally giving JACKSON unfettered access to HART'S room.

80. The intrusions by HART were, and are objectionable and offensive to any reasonable person, including PLAINTIFF.

81. As set forth above, the intrusions by HART were specific to PLAINTIFF'S private information and private matters.

82. As a direct and proximate result of the intrusion of seclusion and invasion of privacy by HART, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

**COUNT XI**
**INVASION OF PRIVACY – PUBLIC DISCLOSURE OF PRIVATE FACTS**
(by PLAINTIFF against HART)

83. PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, paragraphs 66 through 69, paragraphs 70 through 73, paragraphs 74 through 77, and paragraphs 78 through 82, above, inclusive.

84. The acts of HART, individually, and by and through his agents, employees, servants, and/or independent contractors, as set forth above, include but are not limited to, facilitating JACKSON'S conduct by intentionally giving him unfettered access to HART'S room, which led to the public disclosure of a surreptitiously videotaped recording depicting the PLAINTIFF naked and engaging in private sexual activity in a private bedroom.

85. The intrusions by HART were, and are objectionable and offensive to any reasonable person, including PLAINTIFF.

86. As set forth above, the intrusions by HART were specific to PLAINTIFF'S private information and private matters and were not a legitimate public concern.

87. As a direct and proximate result of facilitating JACKSON'S conduct, HART contributed to the public disclosure of private facts and an invasion of MS. SABBAG'S privacy.

88. As a direct and proximate result of the public disclosure of private facts and invasion of privacy by HART, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

**COUNT XII**
**INVASION OF PRIVACY – FALSE LIGHT**
(by PLAINTIFF against HART)

89. PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference,

all of the allegations and statements contained in paragraphs 1 through 34, paragraphs 66 through 69, paragraphs 70 through 73, paragraphs 74 through 77, paragraphs 78 through 82, and paragraphs 83 through 88, above, inclusive.

90. The acts of HART, individually, and by and through his agents, employees, servants, and/or independent contractors, as set forth above, include but are not limited to, facilitating JACKSON'S conduct by intentionally giving JACKSON access to his room, which led to the public disclosure of a surreptitiously videotaped recording depicting the PLAINTIFF naked and engaging in private sexual activity in a private bedroom.

91. The release of the VIDEO, placed PLAINTIFF in a false light and exposed her to hate, ridicule, and/or contempt as many in the public believed PLAINTIFF created the VIDEO herself because she was fame-seeking and money hungry, or worse a "whore" and "gold-digger."

92. The false light in which PLAINTIFF was placed as a result of the acts and/or omissions of HART was, and is objectionable and offensive to any reasonable person, including PLAINTIFF.

93. As set forth above, the intrusions by HART were specific to PLAINTIFF'S private information and private matters and were not a legitimate public concern.

94. PLAINTIFF suffered injuries and damages to her reputation based upon the false light portrayal, which resulted based upon the acts and/or omissions of HART.

95. As a direct and proximate result of facilitating JACKSON'S conduct, HART contributed to the false light portrayal of the PLAINTIFF and an invasion of MS. SABBAG'S privacy.

96. As a direct and proximate result of the false light portrayal of PLAINTIFF by HART, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

### COUNT XIII
### NEGLIGENCE
(by PLAINTIFF against JACKSON)

97. PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, above, inclusive.

98. Defendant JACKSON had a duty to exercise reasonable and ordinary care and caution with respect to guests, patrons, business invitees, and persons like Plaintiff Montia Sabbag.

99. Defendant JACKSON was negligent in his acts and/or omissions by, amongst other things, negligently engaging in acts, as set forth above, that JACKSON knew or reasonably should have known, would cause harm to PLAINTIFF.

100. As a direct and proximate result of the above-said conduct of JACKSON, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

### COUNT XIV
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(by PLAINTIFF against JACKSON)

101. PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, and paragraphs 97 through 100, above, inclusive.

102. Defendant JACKSON had a duty to exercise reasonable and ordinary care and caution with respect to guests, patrons, business invitees, and persons like Plaintiff Montia Sabbag.

103. Defendant JACKSON was negligent in his acts and/or omissions by, amongst other things, negligently engaging in acts, as set forth above, that JACKSON knew or reasonably should have known, would cause harm to PLAINTIFF.

104. As a direct and proximate result of the negligent acts and/or omissions of JACKSON,

MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

**COUNT XV**
**INVASION OF PRIVACY – INTRUSION UPON SECLUSION**
(by PLAINTIFF against JACKSON)

105.    PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, paragraphs 97 through 100, and paragraphs 101 through 104, above, inclusive.

106.    The acts of JACKSON, as set forth above, including but are not limited to, the improper and/or unauthorized access to HART'S room, the concealment of a video recording device, the surreptitious, unauthorized, and illegal videotaping of PLAINTIFF and the distribution of said VIDEO, were unauthorized intrusions into PLAINTIFF'S seclusion.

107.     The intrusions by JACKSON were, and are objectionable and offensive to any reasonable person, including PLAINTIFF.

108.    As set forth above, the intrusions by JACKSON were in a private hotel bedroom, at times PLAINTIFF was naked and engaged in private, consensual sexual activity, and when she had the greatest expectation of privacy.

and private matters.

109.    As a direct and proximate result of the intrusion of seclusion and invasion of privacy by JACKSON, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

## COUNT XVI
## INVASION OF PRIVACY – PUBLIC DISCLOSURE OF PRIVATE FACTS
(by PLAINTIFF against JACKSON)

110.     PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, paragraphs 97 through 100, paragraphs 101 through 104, and paragraphs 105 through 109, above, inclusive.

111.     The acts of JACKSON, as set forth above, include but are not limited to, the improper and/or unauthorized access to HART'S room, the concealment of a video recording device, the surreptitious, unauthorized, and illegal videotaping of PLAINTIFF and the distribution of said VIDEO, which was disseminated to the public, was an unauthorized public disclosure of private facts abut PLAINTIFF.

112.     The intrusions/disclosures by JACKSON were, and are objectionable and offensive to any reasonable person, including PLAINTIFF.

113.     As set forth above, the intrusions/disclosures by JACKSON were specific to PLAINTIFF'S private information and private matters and were not a legitimate public concern.

114.     As a direct and proximate result of the public disclosure of private facts and invasion of privacy by JACKSON, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

## COUNT XVII
## INVASION OF PRIVACY – FALSE LIGHT
(by PLAINTIFF against JACKSON)

115.     PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, paragraphs 97 through 100, paragraphs 101 through 104, paragraphs 105 through 109, and paragraphs 110 through 114, above, inclusive.

116.     The acts of JACKSON, as set forth above, include but are not limited to, the improper and/or unauthorized access to HART'S room, the concealment of a video recording device, the surreptitious, unauthorized, and illegal videotaping of PLAINTIFF and the distribution of said VIDEO, were unauthorized invasions of PLAINTIFF'S privacy.

117.     The release of the VIDEO, placed PLAINTIFF in a false light and exposed her to hate, ridicule, and/or contempt as many in the public believed PLAINTIFF created the VIDEO herself because she was fame-seeking and money hungry, or worse a "whore" and "gold-digger."

118.     The false light in which PLAINTIFF was placed as a result of the acts and/or omissions of JACKSON was, and is objectionable and offensive to any reasonable person, including PLAINTIFF.

119.     As set forth above, the intrusions by JACKSON were specific to PLAINTIFF'S private information and private matters and were not a legitimate public concern.

120.     PLAINTIFF suffered injuries and damages to her reputation based upon the false light portrayal, which occurred based upon the acts and/or omissions of JACKSON.

121.     As a direct and proximate result of the false light portrayal of PLAINTIFF by JACKSON, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

**COUNT XVIII**
**NEGLIGENCE**
(by PLAINTIFF against the FAMEOLOUS DEFENDANTS)

122.     PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, above, inclusive.

123.     Defendants the FAMEOLOUS DEFENDANTS, individually, and by and through their agents, employees, servants and/or independent contractors, had a duty to exercise reasonable and ordinary care and caution with persons like Plaintiff Montia Sabbag.

124.     Defendants the FAMEOLOUS DEFENDANTS, individually, and by and through their agents, employees, servants and/or independent contractors, were negligent in their acts and/or omissions by, amongst other things, negligently engaging in acts, as set forth above, that the FAMEOLOUS DEFENDANTS knew or reasonably should have known, would cause harm to PLAINTIFF.

125.     As a direct and proximate result of the above-said conduct of the FAMEOLOUS DEFENDANTS, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

## COUNT XIX
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(by PLAINTIFF against the FAMEOLOUS DEFENDANTS)

126.     PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, and paragraphs 122 through 125, above, inclusive.

127.     Defendants the FAMEOLOUS DEFENDANTS, individually, and by and through their agents, employees, servants and/or independent contractors, had a duty to exercise reasonable and ordinary care and caution with persons like Plaintiff Montia Sabbag.

128.     Defendants the FAMEOLOUS DEFENDANTS, individually, and by and through their agents, employees, servants and/or independent contractors, were negligent in their acts and/or omissions by, amongst other things, negligently engaging in acts, as set forth above, that the FAMEOLOUS DEFENDANTS knew or reasonably should have known, would cause harm to PLAINTIFF.

129.     As a direct and proximate result of the negligent acts and/or omissions of the

FAMEOLOUS DEFENDANTS, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

**COUNT XX**
**INVASION OF PRIVACY – INTRUSION UPON SECLUSION**
(by PLAINTIFF against the FAMEOLOUS DEFENDANTS)

130.     PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, paragraphs 122 through 125, and paragraphs 126 through 129, above, inclusive.

131.     The FAMEOLOUS DEFENDANTS, without PLAINTIFF'S consent and against PLAINTIFF'S will, have grossly invaded PLAINTIFF'S protected rights of privacy as recognized under California common law, by obtaining, watching and editing the secretly recorded video footage involving PLAINTIFF and by posting and publicly disclosing the VIDEO depicting PLAINTIFF naked from the waist down and engaged in private intimate consensual relations with HART in a private bedroom.  In doing so, the FAMEOLOUS DEFENDANTS "peered into the private bedroom" and enabled the general public to "peer into the private bedroom" and watch PLAINTIFF when she was naked and engaged in private sexual activity, without PLAINTIFF'S knowledge, authorization, or consent.

132.     The FAMEOLOUS DEFENDANTS' acquiring, viewing, editing, posting, publishing, distributing, disseminating and exploiting of PLAINTIFF naked from the waist down and engaged in sexual relations in private quarters was not carried out for reasonable or legitimate purposes, but rather to reap substantial revenues and profits at the expense of PLAINTIFF and others.  PLAINTIFF had a reasonable expectation of privacy in having private consensual sexual relations with HART in a private

bedroom, and had no knowledge of, and did not consent to, the recording or dissemination of such private sexual activity.

133.    The actions by the FAMEOLOUS DEFENDANTS are offensive and objectionable to PLAINTIFF, and would be offensive and objectionable to any reasonable person of ordinary sensibilities, and is not of legitimate public concern.

134.    The FAMEOLOUS DEFENDANTS knew or should have known that the private video footage, depicting PLAINTIFF naked and engaged in consensual sexual activity in a private bedroom, contained private and confidential information and content, and that PLAINTIFF had a reasonable expectation of privacy in the activities depicted therein, and that the FAMEOLOUS DEFENDANTS' conduct would reveal private and personal things about PLAINTIFF which the FAMEOLOUS DEFENDANTS had no right to disseminate, disclose, or exploit, and that the publication of these private facts would constitute a clear and egregious violation of PLAINTIFF'S right of privacy.

135.    The FAMEOLOUS DEFENDANTS violated PLAINTIFF'S fundamental privacy rights by the conduct alleged herein, including the outrageous intrusion into PLAINTIFF'S privacy and the publication, dissemination, and exploitation of the VIDEO in an unprivileged manner calculated to financially capitalize therefrom, to garner publicity throughout the world, and to unjustly enrich the FAMEOLOUS DEFENDANTS in conscious disregard of PLAINTIFF'S right of privacy.

136.    PLAINTIFF is informed and believes and thereon alleges that the FAMEOLOUS DEFENDANTS acted with actual malice and reckless disregard of PLAINTIFF'S right of privacy.

137.    As a direct and proximate result of the aforementioned acts by the FAMEOLOUS DEFENDANTS, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

138.     PLAINTIFF is informed and believes and on that basis alleges that the aforementioned acts of the FAMEOLOUS DEFENDANTS were done intentionally or with a conscious and/or reckless disregard of  PLAINTIFF'S rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice.

### COUNT XXI
### INVASION OF PRIVACY – PUBLIC DISCLOSURE OF PRIVATE FACTS
(by PLAINTIFF against the FAMEOLOUS DEFENDANTS)

139.     PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, paragraphs 122 through 125, paragraphs 126 through 129, and paragraphs 130 through 138, above, inclusive.

140.     The FAMEOLOUS DEFENDANTS, without PLAINTIFF'S consent and against PLAINTIFF'S will, have grossly invaded PLAINTIFF'S protected rights of privacy as recognized under California common law, by obtaining, watching and editing the secretly recorded video footage involving PLAINTIFF and by posting and publicly disclosing the VIDEO depicting PLAINTIFF naked from the waist down and engaged in private intimate consensual relations with HART in a private bedroom.  In doing so, the FAMEOLOUS DEFENDANTS "peered into the private bedroom" and enabled the general public to "peer into the private bedroom" and watch PLAINTIFF when she was naked and engaged in private sexual activity, without PLAINTIFF'S knowledge, authorization, or consent.

141.     The FAMEOLOUS DEFENDANTS' acquiring, viewing, editing, posting, publishing, distributing, disseminating and exploiting of PLAINTIFF naked from the waist down and engaged in sexual relations in private quarters was not carried out for reasonable or legitimate purposes, but rather to reap substantial revenues and profits at the expense of PLAINTIFF and others.  PLAINTIFF had a reasonable expectation of privacy in having private consensual sexual relations with HART in a private

bedroom, and had no knowledge of, and did not consent to, the recording or dissemination of such private sexual activity.

142.    The actions by the FAMEOLOUS DEFENDANTS are offensive and objectionable to PLAINTIFF, and would be offensive and objectionable to any reasonable person of ordinary sensibilities, and is not of legitimate public concern.

143.    The FAMEOLOUS DEFENDANTS knew or should have known that the private video footage, depicting PLAINTIFF naked and engaged in consensual sexual activity in a private bedroom, contained private and confidential information and content, and that PLAINTIFF had a reasonable expectation of privacy in the activities depicted therein, and that the FAMEOLOUS DEFENDANTS' conduct would reveal private and personal things about PLAINTIFF which the FAMEOLOUS DEFENDANTS had no right to disseminate, disclose, or exploit, and that the publication of these private facts would constitute a clear and egregious violation of PLAINTIFF'S right of privacy.

144.    The FAMEOLOUS DEFENDANTS violated PLAINTIFF'S fundamental privacy rights by the conduct alleged herein, including the outrageous intrusion into PLAINTIFF'S privacy and the publication, dissemination, and exploitation of the VIDEO in an unprivileged manner calculated to financially capitalize therefrom, to garner publicity throughout the world, and to unjustly enrich the FAMEOLOUS DEFENDANTS in conscious disregard of PLAINTIFF'S right of privacy.

145.    PLAINTIFF is informed and believes and thereon alleges that the FAMEOLOUS DEFENDANTS acted with actual malice and reckless disregard of PLAINTIFF'S right of privacy.

146.    As a direct and proximate result of the aforementioned acts by the FAMEOLOUS DEFENDANTS, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

147.     PLAINTIFF is informed and believes and on that basis alleges that the aforementioned acts of the FAMEOLOUS DEFENDANTS were done intentionally or with a conscious and/or reckless disregard of  PLAINTIFF'S rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice.

### COUNT XXII
### INVASION OF PRIVACY – FALSE LIGHT
(by PLAINTIFF against the FAMEOLOUS DEFENDANTS)

148.     PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, paragraphs 122 through 125, paragraphs 126 through 129, paragraphs 130 through 138, paragraphs 139 through 147, above, inclusive.

149.     The FAMEOLOUS DEFENDANTS, without PLAINTIFF'S consent and against PLAINTIFF'S will, have grossly invaded PLAINTIFF'S protected rights of privacy as recognized under California common law, by obtaining, watching and editing the secretly recorded video footage involving PLAINTIFF and by posting and publicly disclosing the VIDEO depicting PLAINTIFF naked from the waist down and engaged in private intimate consensual relations with HART in a private bedroom.  In doing so, the FAMEOLOUS DEFENDANTS "peered into the private bedroom" and enabled the general public to "peer into the private bedroom" and watch PLAINTIFF when she was naked and engaged in private sexual activity, without PLAINTIFF'S knowledge, authorization, or consent.

150.     The FAMEOLOUS DEFENDANTS' acquiring, viewing, editing, posting, publishing, distributing, disseminating and exploiting of PLAINTIFF naked from the waist down and engaged in sexual relations in private quarters was not carried out for reasonable or legitimate purposes, but rather to reap substantial revenues and profits at the expense of PLAINTIFF and others.  PLAINTIFF had a reasonable expectation of privacy in having private consensual sexual relations with HART in a private

bedroom, and had no knowledge of, and did not consent to, the recording or dissemination of such private sexual activity.

151.    In releasing the VIDEO, the FAMEOLOUS DEFENDANTS portrayed PLAINTIFF in a false light and exposed her to hate, ridicule, and/or contempt from the public.

152.    The actions by the FAMEOLOUS DEFENDANTS are offensive and objectionable to PLAINTIFF, and would be offensive and objectionable to any reasonable person of ordinary sensibilities, and is not of legitimate public concern.

153.    The FAMEOLOUS DEFENDANTS knew or should have known that the private video footage, depicting PLAINTIFF naked and engaged in consensual sexual activity in a private bedroom, contained private and confidential information and content, and that PLAINTIFF had a reasonable expectation of privacy in the activities depicted therein, and that the FAMEOLOUS DEFENDANTS' conduct would reveal private and personal things about PLAINTIFF which the FAMEOLOUS DEFENDANTS had no right to disseminate, disclose, or exploit, and that the publication of these private facts would constitute a clear and egregious violation of PLAINTIFF'S right of privacy.

154.    The FAMEOLOUS DEFENDANTS violated PLAINTIFF'S fundamental privacy rights by the conduct alleged herein, including the outrageous intrusion into PLAINTIFF'S privacy and the publication, dissemination, and exploitation of the VIDEO in an unprivileged manner calculated to financially capitalize therefrom, to garner publicity throughout the world, and to unjustly enrich the FAMEOLOUS DEFENDANTS in conscious disregard of PLAINTIFF'S right of privacy.

155.    PLAINTIFF is informed and believes and thereon alleges that the FAMEOLOUS DEFENDANTS acted with actual malice and reckless disregard of PLAINTIFF'S right of privacy.

156.    As a direct and proximate result of the aforementioned acts by the FAMEOLOUS

DEFENDANTS, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, damage to her reputation, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

157.    PLAINTIFF is informed and believes and on that basis alleges that the aforementioned acts of the FAMEOLOUS DEFENDANTS were done intentionally or with a conscious and/or reckless disregard of  PLAINTIFF'S rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice.

**COUNT XXIII**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(by PLAINTIFF against HART)

158.    PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, above, inclusive.

159.    At all times herein, HART acted intentionally and unreasonably by conspiring with JACKSON to create the secretly filemd video footage and causing it to be disseminated to third parties when he knew or should have known that PLAINTIFF'S emotional distress would likely result.

160.    HART has both directly and indirectly earned profits and revenues through the release of the VIDEO, which depicted PLAINTIFF naked and engaged in consensual sexual activity in a private bedroom, at a time when PLAINTIFF had a reasonable expectation of privacy in the activities depicted therein.  Additionally, PLAINTIFF never authorized the creation, distribution and/or dissemination of the VIDEO, which HART has used to generate his own personal financial gain.

161.    HART'S conduct was intentional and malicious and done for the purpose of causing, or was known by HART to likely cause PLAINTIFF humiliation, mental anguish, embarrassment and severe emotional distress and was done with the wanton and reckless disregard of the consequences to PLAINTIFF.

162.     As such, in doing the acts alleged hereinabove, HART has acted outrageously and beyond all reasonable bounds of decency, and intentionally inflicted severe emotional distress upon PLAINTIFF, to her detriment.

163.     As a proximate result of the aforementioned wrongful conduct, PLAINTIFF has suffered substantial monetary damages, including damages to her personal and professional reputation and career, and substantial emotional distress, anxiety and worry.

164.     PLAINTIFF is informed and believes and thereon alleges that HART acted with actual malice and reckless disregard of PLAINTIFF'S right to privacy.

165.     As a direct and proximate result of the aforementioned acts by HART, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, damage to her reputation, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

166.     PLAINTIFF is informed and believes and on that basis alleges that the aforementioned acts of HART were done intentionally or with a conscious and/or reckless disregard of  PLAINTIFF'S rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice.

**COUNT XXIV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(by PLAINTIFF against JACKSON and the FAMEOLOUS DEFENDANTS)

167.     PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, and paragraphs 158 through 166, above, inclusive.

168.     At all times herein, JACKSON acted intentionally and unreasonably in creating the secretly-filmed video and causing it to be disseminated to third parties when he knew or should have known that PLAINTIFF'S emotional distress would likely result.  The FAMEOLOUS DEFENDANTS acted intentionally and unreasonably in acquiring, viewing, editing, publishing, distributing, and

disseminating the VIDEO when they knew or should have known that emotional distress would likely result to PLAINTIFF.

169.     JACKSON'S and the FAMEOLOUS DEFENDANTS conduct was intentional and malicious and done for the purpose of causing, or was known by them to likely cause PLAINTIFF humiliation, mental anguish, embarrassment and severe emotional distress, and was done with the wanton and reckless disregard of the consequences to PLAINTIFF.

170.     As such, in doing the acts alleged hereinabove, JACKSON and the FAMEOLOUS DEFENDANTS have acted outrageously and beyond all reasonable bounds of decency, and intentionally inflicted severe emotional distress upon PLAINTIFF, to her detriment.

171.     As a proximate result of the aforementioned wrongful conduct, PLAINTIFF has suffered substantial monetary damages, including damages to her personal and professional reputation and career, and substantial emotional distress, anxiety and worry.

172.     PLAINTIFF is informed and believes and thereon alleges that JACKSON and the FAMEOLOUS DEFENDANTS acted with actual malice and reckless disregard of PLAINTIFF'S right to privacy.

173.     As a direct and proximate result of the aforementioned acts by JACKSON and the FAMEOLOUS DEFENDANTS, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, damage to her reputation, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

174.     PLAINTIFF is informed and believes and on that basis alleges that the aforementioned

acts of JACKSON and the FAMEOLOUS DEFENDANTS were done intentionally or with a conscious and/or reckless disregard of PLAINTIFF'S rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice.

### COUNT XXV
### VIOLATIONS OF CALIFORNIA CONSTITUTION – RIGHT TO PRIVACY
(by PLAINTIFF against the DEFENDANTS)

175.    PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, above, inclusive.

176.    PLAINTIFF had a reasonable expectation of privacy in engaging in private consensual sexual relations in a private bedroom at all relevant times, and did not know about, nor consent to, the taping of the activity depicted in the secretly filed VIDEO, or its publication or dissemination.

177.    The DEFENDANTS violated PLAINTIFF'S fundamental privacy rights by the conduct alleged herein, including the outrageous intrusion into PLAINTIFF'S privacy and the publication, and dissemination of the secretly-filmed VIDEO in an unprivileged manner in conscious disregard of PLAINTIFF'S rights.

178.    The DEFENDANTS disclosed or caused to be disclosed to third parties the contents of the secretly-filmed VIDEO depicting PLAINTIFF in about 2017 engaged in private consensual sexual relations with HART in a private bedroom suite at the COSMOPOLITAN.  The DEFENDANTS knew, or should have known, that the VIDEO contained private and confidential information; that PLAINTIFF had a reasonable expectation of privacy in engaging in the activity depicted in the VIDEO; that the VIDEO was taken without PLAINTIFF'S knowledge, consent, or approval and would reveal private and personal things about PLAINTIFF if disclosed to third parties which the DEFENDANTS had no right to disseminate or disclose; and that this publication of these private facts would be offensive and objectionable to a reasonable person of ordinary sensibilities, and would have the natural tendency of causing substantial damages to PLAINTIFF.

179.    The DEFENDANTS actions have not served any legitimate public interest.

180.    PLAINTIFF is informed and believes and thereon alleges that the DEFENDANTS have acted with actual malice and reckless disregard of PLAINTIFF'S rights, including her right to privacy.

181.    As a direct and proximate result of the aforementioned acts by the DEFENDANTS, MS. SABBAG has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, damage to her reputation, past and future medical expenses, and has incurred expenses and damages relating to the unauthorized use of her image and likeness.

182.    PLAINTIFF is informed and believes and on that basis alleges that the aforementioned acts of the DEFENDANTS were done intentionally or with a conscious and/or reckless disregard of PLAINTIFF'S rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Montia Sabbag prays for judgment in her favor and against defendants Kevin Hart, Jonathan Todd Jackson, Marriott International, Inc., The Blackstone Group, Inc., The Cosmopolitan of Las Vegas, Ashley M. Germon, and Fameolous Ent, LLC as follows:

a.  For an award of general and special damages in an amount in excess of SIXTY MILLION ($60,000,000.00) DOLLLARS;

b.  For the costs of this action;

c.  For attorney's fees incurred herein;

d.  For an Order and Judgment transferring to PLAINTIFF all of the DEFENDANTS' right, title and interest in and to the secretly-recorded video footage depicting PLAINTIFF'S sexual encounter with HART, and all portions and content thereof, and all copies and reproductions thereof contained in all media;

e.  For an Order and Judgment requiring delivery to PLAINTIFF of all copies of the secretly-recorded video footage depicting PLAINTIFF'S sexual encounter with HART, and all portions and content thereof, in all formats and all forms of media, including electronic and physical media, within the DEFENDANTS' possession, custody or control, including without limitation turning over to PLAINTIFF any and all storage devices (such as CDs, DVDs, hard drives, flash drives, tapes, and disks) containing same;

f.  For an Order and Judgment requiring the DEFENDANTS to turn over to PLAINTIFF all information pertaining to the secretly-recorded video footage depicting PLAINTIFF'S sexual encounter with HART, including without limitation, all activity by all persons and entities related to the creation, storage, transportation, editing, distributing, disseminating, publishing, displaying, posting for view or access on or through the Internet or any other manner or media outlet, broadcasting, transferring, licensing, selling, offering to sell or license, or otherwise using, exploiting or attempting to exploit, such footage or any portions or content thereof or any copies thereof, in any and all formats and media, including all electronic and physical media;

g.  For any other and further legal and equitable relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff Montia Sabbag hereby demands a trial by jury for all issues so triable.

## **RESERVATION OF RIGHTS**

Plaintiff Montia Sabbag reserves the right to further amend this Complaint, upon completion of her investigation and discovery, to assert any additional claims for relief against the Defendants or any other parties as may be warranted under the circumstances and as allowed by law. Plaintiff Montia Sabbag further reserves the right to seek and have punitive damages assessed against the Defendants.

Respectfully submitted,

DATED this 30th day of September 2019.

THE WILLIAMS LAW GROUP

/s Andrew Williams, Esq.
BY: ANDREW WILLIAMS, ESQ.
California Bar No.: 310526
6273 Sunset Drive, Ste D3
South Miami, Florida 33143
Telephone: (253) 970-1683
E-Service: Andrew@TheWilliamsLG.com
Secondary: WilliamsLawFlorida@gmail.com
*Attorney for Plaintiff Montia Sabbag*